### HENLEY WALLACE v. THE STATE.

In an indictment for malicious mischief, under the 713th article of the Penal Code, it is not necessary to prove malice on the part of the accused. It is enough that the act was willfully done in the language of the statute. (Paschal's Dig., Art. 2344.)

The fact that a third person may have authorized the killing is not admissible evidence, unless the authority can be traced to the owner of the property.

The fact that the accused carried the property to the owner is no defense, the offense being complete by the killing.

APPEAL from Lavaca. The case was tried before Hon. WESLEY OGDEN, one of the district judges.

The defendant was convicted of malicious mischief for killing hogs. It was proved that the defendant killed the hogs, but said he did so through mistake. He killed eleven, and sent six of them to the owner. The other facts are sufficiently stated in the opinion of the court.

*Mills & Tevis*, for the appellant, cited articles 1713 and 1714 of the Penal Code, and the authorities in Paschal's Digest, Note 680.

*John W. Harris*, for the state, argued the facts of the case.

LINDSAY, J.—From a conviction under the statute for malicious mischief the appellant has brought his case to this court for revision.

He was indicted for a violation of article 2344 of the Criminal Code, (Paschal's Dig., p. 460,) for willfully killing eleven hogs, of the value of $10 each, the property of Daniel Gandy, with intent to injure the owner thereof. The proof established conclusively the killing, the value of the hogs, and the knowledge of the accused that they were the property of Daniel Gandy. But it is insisted that the court erred in the charges to the jury on the trial, and that

the jury was misled in the finding of their verdict.   In an indictment under this statute it is not necessary to prove malice on the part of the individual who has committed the act complained of.   If the act is willfully done, in the language of the statute, the law will presume that he either maliciously, or recklessly and wantonly, intended the consequences of his own act, which would necessarily result in injury to the owner of the property.   In contemplation of the penal law, the willful killing of the hogs with this intent was the *gravamen* of the charge, and in that act the offense was complete against society, and could not be repaired or compounded by any subsequent satisfaction of the owner of the property for the injury thus perpetrated. This view of the case disposes of the instruction asked by the counsel of the accused and refused by the court, "that on a charge of malicious mischief malice will not be presumed, but must be proved by the state."

It is also assigned for error in the court the exclusion of the witness William Jennings, by whom the accused proposed to prove that said witness had overheard a conversation between the accused and a nephew of the owner of the property, in which conversation the nephew authorized the accused to kill the hogs.   Unless this had been connected, or it was proposed to be coupled with other testimony showing some authority from the uncle to the nephew, we cannot perceive its materiality to the issue.   We therefore think he was very properly excluded as a witness.

There are four instructions given to the jury in the charge of the court, the last three of which are excepted to by the counsel for the accused.   The first is but the enunciation of the law, almost in the language of the statute.   The second simply declares that, if the accused, knowing the hogs to be the property of Daniel Gandy, killed them intentionally, he killed them willfully, a truism which would not be likely to mislead the mind of any one in arriving at a correct conclusion upon the facts.   The third affirms that,

if the ownership was known to the accused, and the killing was without the consent of the owner, nothing which the accused may have done subsequent to the killing was any excuse for, or extenuation of, the offense. This instruction was predicated upon a fact proved on the trial, that the accused returned to the owner six of the eleven hogs killed. As a proposition of law, this instruction was right and proper, and, upon the facts of the case, the jury ought to have been advised of it. The fourth and last instruction, that "the intent to appropriate the property of another to his own use, without the consent of the owner, is an intent to injure the owner," is certainly too abstract a proposition. But we cannot discover in what manner it could, in the least degree, mislead the jury in the formation of their verdict. There being no error committed by the court in our view of the case, in the admission and exclusion of testimony, and being satisfied from the evidence before them the could jury render none other than the verdict which they found, we affirm the judgment of the court below.

AFFIRMED.